**Bobby Jack GRUNDY, Appellant,**

v.

**Ralph Anna GRUNDY, Appellee.**

**No. 19977.**

Court of Civil Appeals of Texas, Dallas.

Oct. 5, 1979.

Burt Barr, Dallas, for appellant.

Reba Graham Rasor, Donald R. Smith, Richard Johnson, Koons, Smith & Johnson, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

CARVER, Justice.

This is an appeal from an order of the trial court modifying support provisions of a prior divorce decree both prospectively as well as retroactively to the date the motion to modify was filed. Appellant challenges only the portion of the trial court's modification order that operates retroactively. We modify the order to eliminate the retroactive portions of the judgment, as unsupported by the evidence, and affirm.

In October 1978, Ralph Anna Grundy, appellee, filed a motion to modify a 1970 divorce decree which obligated the appellant to pay $100 a month for each of her two children. The appellee requested an increase prospectively in child support due to changed circumstances. No amount was specified in the petition, nor were the nature of or the dates of any particular change set out in the pleadings. In February 1979, the court on hearing ordered that the appellant should henceforth pay $200 a month per child. The court also ordered that the increase in child support should be retroactively enforced from the date the motion to modify was filed.

It is clear from the evidence that appellee demonstrated a need on the date of hearing for increased support, and that appellant was afforded both notice of appellee's claims and a fair opportunity to defend. However, we can discern nothing from the record that would support the court's order that the increased support payments be made retroactive to the date of filing of the motion to modify. The petition merely alleges a material and substantial change of circumstances since the date of the original support order, and that support payments should be increased. The petition does not ask that the increase be applied retroactively. Consequently, the pleadings contain no notice that the appellant might be held liable for retroactive payment. Moreover, although appellee testified that her overall expenses had increased from the time of the 1970 support order, there is no proof in her testimony or exhibits that the children's greater need existed as of October 1978 or on any date prior to the hearing.

In an effort to uphold the retroactive aspects of the modification decree, appellee relies on the case of *Casterline v. Burden*, 560 S.W.2d 499 (Tex.Civ.App.—Dallas 1977, no writ). In *Casterline*, this court affirmed a reduction of child support payments that was made retroactive to the date of the change of circumstances, *i. e.,* the date that the petitioner had changed jobs, which was four months after the motion to modify had been filed. The court noted that the Family Code authorizes modification of child support decrees, "except that an order providing for the support of a child may be modified only as to obligations accruing subsequent to motion to modify." Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon Supp.1978–1979). Thus, under this section, retroactive modification of support obligations which have accrued since the filing of the motion to modify is expressly authorized. *Casterline v. Burden*, 560 S.W.2d at 501–02.

We in no way dispute the holding of *Casterline*. However, we find that it is inapplicable to the instant case. In *Casterline*, there is evidence tending to show the date on which the movant had changed jobs, the salary the movant had received before and after that date, and consequently, the date on which the circumstances had, in fact, changed. In our case no comparable evidence has been presented. Appellee's testimony dealt only with general increases in expenses since the time of the divorce and her income and expenses at the time of trial. Appellee argues that inherent in the motion for an increase in support payments is the implication that the increase is necessary at the time it is requested. She urges this court to refrain from engrafting technical requirements in an area in which the court's paramount concern should be the interests of the children. We agree that in a proper case a motion to modify might constitute sufficient pleadings to support the introduction of evidence concerning the inception of a child's needs and whether it occurred at or subsequent to the filing of the motion. The motion standing alone, however, is no substitute for proof that a retroactive modification is justified. We hold that the better practice is to give fair notice and opportunity to defend if retroactive modification is sought. We further hold that the evidence must directly support a retroactive modification. We do not find evidence in this record to support any modification of support prior to the hearing date. Therefore, we modify the trial court's order by striking from it any retroactive modification of the support order and affirm the judgment as modified.