704 S.W.2d 492 (1986)
Michael F. ATTAWAY, Appellant,
v.
Linda D. ATTAWAY, Appellee.
No. 13-85-229-CV.
Court of Appeals of Texas, Corpus Christi.
January 16, 1986.
*493 Marvin L. Maloney, Corpus Christi, for appellant.
Clyde J. Jackson, Jr., Corpus Christi, for appellee.
Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

OPINION
BENAVIDES, Justice.
This case concerns the extension of child support for a child past the age of eighteen years old and the enforcement of a child support order signed after the child reached the age of eighteen years.
The facts are undisputed. Michael and Linda Attaway were divorced on February 16, 1983. They had two children from their marriage, Michael D. and Nichol Lynn. On June 14, 1984, appellee filed a motion to modify the divorce decree, which among other things, requested that child support for Michael D. extend beyond his eighteenth birthday.
A hearing was held on July 20, 1984, but the order was not signed until December 13, 1984. Michael D. celebrated his eighteenth birthday on September 17, 1984. The trial court ordered child support to be continued for one year beyond Michael D.'s eighteenth birthday, but failed to provide appellant with copies of the signed order. Appellant was advised of the order on February 25, 1985, when appellee filed a Motion for Contempt with the court and served an order to show cause on appellant. Appellant filed subsequent motions, and at a March 1985 hearing the trial court found appellant in contempt of court and denied appellant's motions. The contempt sanctions were suspended until September 1985 to give appellant time to comply with the order.
Appellant brings three points of error, claiming that:
(1) the trial court erred by failing to provide appellant with a copy of the signed order within twenty days of signing in accordance with TEX.R.CIV.P. 306a(4);
(2) The trial court erred in granting appellee's motion to extend child support for Michael D. Attaway beyond the age of 18 years; and
(3) The trial court erred in seeking to enforce its order for extension of child *494 support for Michael D. Attaway beyond the age of 18 years old.
Appellant's second point of error asserts that the trial court erred in granting an extension of child support payments for Michael D. Attaway beyond the age of eighteen years old, because there was no evidence to warrant extension of the child support absent any showing of mental or physical disability of the child and there was insufficient evidence introduced by appellee to establish the statutory requirement of need for continuous care and personal supervision because of a mental or physical disability and inability of the child to support himself. In considering a "no evidence" or "insufficient evidence" point of error, we follow the test set forth in Dyson v. Olin Corp., 692 S.W.2d 456 (Tex.1985); Glover v. Texas General Indemnity Co., 619 S.W.2d 400 (Tex.1981); Garza v. Alviar, 395 S.W.2d 821 (Tex.1965); Allied Finance Co. v. Garza, 626 S.W.2d 120 (Tex.App.Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, No Evidence and Insufficient Evidence Points of Error, 38 Tex.L.Rev. 361 (1960).
The Texas Family Code prescribes the conditions under which child support may be extended beyond the age of eighteen years; the Texas Family Code Ann. § 14.05(b) (Vernon Supp.1985) states that:
(b) If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period.
The above cited section espouses a two-pronged test which must be fulfilled to order the extension of child support. First, the child must require continuous care and personal supervision because of a mental or physical disability. Second, the child must not be able to support himself. Although there is some evidence in the record that might support the second prong, both prongs must be fulfilled to continue child support payments. Having thoroughly searched the record, we find no evidence of the first prong.
Appellee argues that the trial court found "special circumstances" requiring the extension of Michael's child support; the "special circumstances" being that Michael had not yet completed his high school education. However, the mere failure to complete high school, due solely to lack of application in the classroom, does not fulfill the Family Code requirements.
We agree with appellant that no evidence was offered which would warrant the extension of child support for his eighteen-year-old son. We sustain appellant's second point of error. It follows also that an attempt to enforce an invalid order vitiates the attempt to enforce such purported extension of child support as we have here.
The Supreme Court's holding in Red v. Red, 552 S.W.2d 90 (Tex.1977) clearly is applicable to the disposition of this case. In that case, the court held that a divorce court which ordered payment of child support until the child reached the age of eighteen years did not have jurisdiction over a motion to order resumption of payments filed by the custodial parent after the divorce decree was entered and after the child became eighteen years of age.
Here, the order for payments of child support in the original divorce decree stated that appellant would pay child support "until the date any child reaches the age of eighteen (18) years of age." As to child support for Michael D., that judgment was fully performed and discharged on September 17, 1984, when Michael reached the age of eighteen years. Thereafter, there being no pending order subject to modification under Section 14.05 of the Family Code, the divorce court ceased to have jurisdiction over the subject matter. Red, 552 S.W.2d at 92; Ex parte Hatch, 410 S.W.2d 773 (Tex.1967).
Although appellee filed her motion to modify before Michael D. became an adult, the trial court order was not entered until after his eighteenth birthday. It is *495 well settled that only such an order that was entered prior to the time the child reached age eighteen is enforceable by contempt proceedings. Hatch, 410 S.W.2d 773. The trial court, therefore, lacked jurisdiction to consider the modification. We also sustain appellant's third point of error.
We hold that the extension of child support for Michael D. beyond the age of eighteen is of no force and effect and that the attempt to enforce the said extension is likewise void.
REVERSED and RENDERED.