**Ex parte John H. BOEMER, Relator.**

**No. 05–86–00311–CV.**

Court of Appeals of Texas,
Dallas.

May 29, 1986.

Rehearing Denied May 29, 1986.

Minor E. Pounds, Dallas, for relator.

Richard Johnson Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

This is a habeas corpus proceeding under section 22.221(d) of the Texas Government Code, by which relator John H. Boemer seeks discharge from the custody of the sheriff of Dallas County, Texas. Relator was committed to jail by order of the 303rd Judicial District Court ("303rd Court") which found that he had contemptuously disobeyed an order of that court to make periodic payments of child support. We released relator on bail pending a hearing in this Court. We hold that the commitment order is void because the 303rd Court did not have jurisdiction to sign it. Accordingly, we order relator unconditionally released from confinement.

Relator and Lynda C. Boemer Cagle were divorced on January 30, 1980. Relator was directed to pay child support in the amount of $260 every two weeks for the benefit of twin sons, Gregory and Jeffrey, until the youngest turned eighteen years of age. On October 3, 1985, Gregory and Jeffrey reached eighteen years of age. Then, on January 3, 1986, Lynda filed a motion to modify the divorce decree seeking to have child support payments continued until Gregory and Jeffrey graduate from high school. On January 14, 1986, the 303rd Court ordered that relator pay child support in the amount of $260 every two weeks "as long as said children remain fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma."

In ordering the continued child support payments, the 303rd Court relied on section 14.05(a) of the Texas Family Code [1] which provides in pertinent part:

> The court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the sup-

---

**1.** All statutory references are to TEX.FAM. CODE ANN. (Vernon 1975 & Vernon Supp. 1986), unless otherwise stated.

port of the child until he or she is 18 years of age in the manner and to the persons specified by the court in the decree; provided that, if the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, the order for periodic support of that child may provide that payments continue until the end of the school year in which the child graduates.

Relator contends, however, that the motion requesting the extended child support under section 14.05(a) must have been filed before the children reached eighteen years of age. Otherwise, relator argues, the 303rd Court did not have jurisdiction to consider the motion or sign the order extending the child support, and, therefore, the order is void.

Relator cites *Red v. Red*, 552 S.W.2d 90, 92 (Tex.1977), in which the supreme court held that modification of a divorce decree to include payments for a child who requires continuous care and personal supervision because of a mental or physical disability and who is not able to support himself must be sought before the child turns eighteen. Thereafter, the court held, there is no pending order subject to modification. *See also Attaway v. Attaway*, 704 S.W.2d 492, 494-95 (Tex.App.—Corpus Christi 1986, no writ) (holding that the modification order itself must be signed before the child turns eighteen).

*Red* and *Attaway*, however, dealt with subsection (b) of section 14.05 which now clearly provides that, when moving to continue support for a child beyond the age of eighteen on the basis that he or she requires continuous care and personal supervision because of a mental or physical disability, the motion to modify must be filed before the child's eighteenth birthday. On the other hand, subsection (a), which provides for continuing child support payments while the child is enrolled in a program toward a high school diploma, does not contain this provision. No time limit for filing the motion or signing the order extending support is stated.

Nevertheless, we agree that the 303rd Court did not have jurisdiction to sign the order extending support. At the time Lynda filed the motion to modify, neither Gregory nor Jeffrey was a "child" within the meaning of sections 11.01(1) and 11.05(a). Under section 11.01(1), a "child" means a person under eighteen years of age. Under section 11.05(a), the court acquiring jurisdiction of a suit affecting the parent-child relationship retains continuing, exclusive jurisdiction of all parties and matters in connection with the child. In *Busbey v. Busbey*, 619 S.W.2d 472, 475 (Tex.Civ.App. —Houston [14th Dist.] 1981, no writ), the court held that section 11.05(a) was not available to maintain venue in the county of the court that previously had entered the divorce decree because the child was no longer a "child" under section 11.01(1) when the marriage settlement agreement was signed. She was over eighteen years of age.

We hold that, because neither Gregory nor Jeffrey was a "child" when the motion to modify the divorce decree was filed, the 303rd Court did not have jurisdiction to entertain the motion. Interestingly, we note that section 14.40(b) specifically provides that a court retains jurisdiction to enter a *contempt* order if a motion for contempt for failure to comply with a court's child support order is filed within six months after the child becomes an adult or the date on which the child support obligation terminates pursuant to the decree or order or by operation of law. This logically follows from the principle that a court has all powers necessary to *enforce* any of its lawful orders. TEX.GOV'T. CODE ANN. §§ 21.001(a), 21.002 (Vernon Supp.1986). In the situation in which a suit is brought to modify the child support obligation, however, the legislature has made no such provision for jurisdiction to be continued beyond the time when the child ceases to be a child.

Accordingly, because the motion to modify could not confer jurisdiction on the 303rd Court, that court likewise had no jurisdiction to sign the order extending the

child support beyond the time that Gregory and Jeffrey had reached eighteen years of age. Therefore, the order is void and unenforceable by contempt, and thus the commitment order is also void. *See Attaway,* 704 S.W.2d at 495. We order relator discharged from custody of the sheriff of Dallas County, Texas.