Keith C. KLAVER, Appellant,

v.

Laurie Ann KLAVER, in the Interest of Todd M. Klaver, Appellee.

No. 2-88-083-CV.

Court of Appeals of Texas, Fort Worth.

Feb. 7, 1989.

**402**

Decker, McMackin & McClane and Robert G. West, Fort Worth, for appellant.

Mayo & Pickering and Ted Mayo III, Fort Worth, for appellee.

Before HILL, FARRIS and MEYERS,

## OPINION

FARRIS, Justice.

This is an appeal from an order requiring appellant Keith C. Klaver to pay child support for his son after the child's eighteenth birthday, and taxing attorneys' fees against him. We affirm as to the continuation of the child support and modify the order to delete the award of attorneys' fees.

On December 19, 1986, Laurie Klaver filed a motion to modify the child support order requesting the support payments be continued beyond her son's December 26, 1986 birthday until the end of the school year in which he graduated. *See* TEX. FAM.CODE ANN. sec. 14.05(a) (Vernon 1986). The motion was served on Keith Klaver on January 13, 1987. The trial court granted the motion at the August 7, 1987 hearing and ordered the support payments be continued at the original rate from the time the motion was filed until the child graduated and awarded attorneys' fees to Laurie Klaver. An order was signed by the trial court on February 2, 1988.

■ In points one, two, and three, Keith Klaver argues that under Texas law, the trial court did not have jurisdiction to extend the support payments because the order extending the payments was not signed prior to the child's eighteenth birthday. He asserts that the filing of the motion to modify prior to December 26, 1986, did not extend the court's jurisdiction. We disagree because the court had jurisdiction to enter an order on a motion filed prior to the child's eighteenth birthday.

A court with jurisdiction over a parent-child relationship may order either or both parents to provide for the support of the child until the child is eighteen years of age. TEX.FAM.CODE ANN. sec. 14.05(a) (Vernon 1986). The court may modify its order to provide for the support of the child beyond the age of eighteen for two reasons: (1) Subsection (b) of section 14.05 provides that payment for the support of a

child may be ordered by the court to be continued after the eighteenth birthday if the child requires continuous care and personal supervision because of mental or physical disability and the motion to modify is filed before the child's eighteenth birthday; (2) Subsection (a) of section 14.05 provides for continuing child support payments while the child is enrolled in a program leading toward a high school diploma. Although no time limit for filing the motion or signing a modification order is specified, it is clear that the motion for modification must be filed prior to the child's eighteenth birthday.

Addressing the issue, the Texas Supreme Court stated that:

> [T]he clear import of Section 14.05(a) and (b), when read in context with other provisions of all of Title 2 of the Family Code, is that "the court 'may order that payments for the support of the child shall be continued after the 18th birthday'" only if the grounds therefor exist and are invoked before the child becomes an adult; i.e., before reaching age 18.

*Red v. Red,* 552 S.W.2d 90, 92 (Tex.1977). In *Red,* the court ruled that the trial court was without jurisdiction to consider a motion to modify filed almost nine years after the child turned eighteen. Clearly, with no pending motion at the time the child turned eighteen, the judgment was fully performed and discharged. From that point on, there were no pending motions or orders remaining through which the parties could invoke the court's jurisdiction.

In this case, while the motion was filed prior to the child's eighteenth birthday, the order was not entered until after he turned eighteen. Keith Klaver argues that the trial court lost its jurisdiction when it failed to enter the order modifying the child support obligation prior to the child's eighteenth birthday. Keith Klaver relies on the reasoning of *Attaway v. Attaway,* 704 S.W.2d 492, 494–95 (Tex.App.—Corpus Christi 1986, no writ). In *Attaway,* the court ruled that the trial court was without jurisdiction to enter an order after the child turned eighteen despite the fact that the

motion was filed prior to the child's birthday.

In support of its holding that a pending motion will not sustain the trial court's jurisdiction beyond the child's eighteenth birthday, the *Attaway* court relies on *Red,* 552 S.W.2d at 92, and *Ex parte Hatch,* 410 S.W.2d 773 (Tex.1967).

*Red* does not hold that a trial court will lose jurisdiction if the modification order is not entered prior to the eighteenth birthday. While the *Red* court did hold that the trial court did not have jurisdiction to consider a motion to modify after the child became eighteen, the court explained that the court had no jurisdiction because there was no pending order to modify when the motion was filed almost nine years after the child's eighteenth birthday. *Red,* 552 S.W.2d at 92. The *Red* decision expressly holds that the court may order that payments for support continue beyond the eighteenth birthday if the "grounds therefor exist *and are invoked before the child becomes an adult." Id.* (emphasis added). There is no language or inference that the motion must also be ruled upon prior to the eighteenth birthday (before child becomes an adult).

In holding that the jurisdiction of the court must be invoked prior to the child's eighteenth birthday the court reasoned that:

> A contrary interpretation would defer any possibility of finality or discharge of a judgment of this nature, since the matter could be raised throughout the lifetime of an adult who had once been the subject of child support orders in a divorce judgment.

*Red,* 552 S.W.2d at 92.

Although the court was expressing its concerns in the context of section 14.05(b), which provides for continued support for disabled children, the need for finality in judgments applies equally to both provisions. Continuing jurisdiction while pending motions are disposed of does not affect the finality of judgments. If the court's jurisdiction did not continue while motions were pending before the court, movants would not be able to petition the court

during the entire period the court had jurisdiction over the case. They would be required to guess the amount of time the court would need to rule on their motions in order to file their motions in time for a ruling to be entered prior to the child's eighteenth birthday. Such an interpretation would also permit those obligated to pay child support to defeat the purpose of the law merely by avoiding service of process.

The *Attaway* court interpreted *Hatch* to stand for the proposition that only orders entered prior to a child's eighteenth birthday were enforceable by contempt proceedings and reasoned that modification orders must also be entered prior to the eighteenth birthday. What the *Hatch* court in fact held was that TEX.REV.CIV.STAT. ANN. art. 4639a–1 (Vernon Supp.1966),[1] the provision empowering trial courts to enforce child support payments regardless of whether the child was a minor or not, did not take effect until *after* the children turned eighteen and therefore did not confer jurisdiction upon the trial court to enforce support payments. *Hatch*, 410 S.W.2d at 777. Under current law, a court retains jurisdiction to enter a contempt order after the child turns eighteen if a motion for contempt is filed within six months after the child turns eighteen or the support obligation otherwise terminates. TEX.FAM.CODE ANN. sec. 14.40(b) (Vernon 1986); *Ex parte Boemer*, 711 S.W.2d 406, 407 (Tex.App.—Dallas 1986, no writ).

Other appellate courts have interpreted the requirements set forth in *Red* to require only that the motion to modify be filed prior to the child's eighteenth birthday. *Ex parte Boemer*, 711 S.W.2d at 407; *see also Fullerton v. Holliman*, 721 S.W. 2d 478, 479 (Tex.App.—Eastland 1986, writ dism'd). In *Boemer*, the Dallas Court of Appeals ruled that the trial court had been without jurisdiction to sign an order extending support because the children were no longer children when the motion was filed. The Eastland court reached the same result in *Fullerton*, holding that the trial court was without jurisdiction to consider a modification motion filed sixteen days after the child turned eighteen. The San Antonio court, citing to *Red* and *Fullerton*, ruled that the trial court did not have jurisdiction to enter a modification order but did not specify when the motion was filed. *Couser v. Stanton*, 722 S.W.2d 250 (Tex.App.—San Antonio 1986, no writ).

Laurie Klaver satisfied the requirements set forth in *Red* when she filed the motion to modify. The motion was filed prior to her son's eighteenth birthday, which occurred during his junior year of high school. We hold that the trial court had jurisdiction to consider the motion to modify and retained jurisdiction to enter the order modifying the support obligation. Appellant's points one, two, and three are overruled.

On February 2, 1988, the trial court signed an order that Keith Klaver's child support obligation continue until the end of the school year in which his son graduated from high school, retroactive to the child's eighteenth birthday. The trial court may retroactively modify support obligations that have accrued since the filing of the motion to modify. TEX.FAM.CODE ANN. sec. 14.08(c)(2) (Vernon 1986); *Casterline v. Burden*, 560 S.W.2d 499, 501 (Tex.Civ.App.—Dallas 1977, no writ). Keith Klaver argues, however, that in the absence of pleadings and evidence to support retroactive relief, the trial court erred in ordering it. *Grundy v. Grundy*, 589 S.W.2d 776, 778 (Tex.Civ.App.—Dallas 1979, no writ).

Both *Grundy* and *Casterline* address the adjustment of support due to changed circumstances. The *Grundy* court struck the retroactive modification from the trial court's order, stating that unlike the situation presented in *Casterline*, there was no evidence presented as to when the circumstances changed. In the context of modification due to changed circumstances, the court noted that the motion that does not

---

**1.** Act of March 19, 1935, ch. 39, 1935 Tex.Gen. Laws 111, 111, *repealed by* Act of June 15, 1973, ch. 543, sec. 3, 1974 Tex.Gen.Laws 1458, 1458.

specify the details of the changed circumstances does not give fair notice and an opportunity to defend and is no substitute for proof that it is justified. In the context of modification to provide for continued support while a child is pursuing a high school diploma, no such problems of notice and proof arise. From the plain language of the motion, it is clear that continued support was sought for the period extending from the child's eighteenth birthday to the end of the school year in which he graduates. We overrule appellant's fourth point of error.

In his fifth point of error, Keith Klaver argues the trial court erred in awarding attorneys' fees to Laurie Klaver because there were no pleadings to support such an award. We agree.

█ Laurie Klaver's motion to modify did not plead or pray for attorneys' fees; it contained only a prayer for general relief. Under section 11.18(a) of TEX.FAM.CODE ANN. (Vernon 1986), the court has discretion to tax attorneys' fees as costs. However, in order to be entitled to a discretionary award of attorneys' fees, the movant must file with the court an affirmative pleading requesting them unless the issue is waived or tried by consent. *Wolters v. White*, 659 S.W.2d 885, 888–89 (Tex.App.— San Antonio 1983, writ dism'd). When her attorney proposed stipulations as to his attorneys' fees, counsel for Keith Klaver objected to the introduction of evidence of attorneys' fees absent pleadings to support it. After the trial court granted both parties leave to amend their pleadings, both stipulated as to their attorney fees. Laurie Klaver had up until the judgment was signed to file her trial amendment specifically praying for attorneys' fees but neglected to do so. *See Garcia v. Texas Dept. of Human Services*, 721 S.W.2d 528, 530 (Tex.App.—Corpus Christi 1986, no writ); *American Produce & Vegetable Co. v. J.D. Campisi's Italian Restaurant*, 533 S.W.2d 380, 386 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.).

█ In her brief, Laurie Klaver argues that her general prayer for relief is sufficient to support the award of attorneys' fees. For support, she refers to the general rule that a prayer for general relief will authorize judgment for any relief a trial court has jurisdiction to grant so long as the judgment is supported by allegations and proof and is consistent with the theory of recovery stated in the pleadings. *Pringle v. Nowlin*, 629 S.W.2d 154, 157 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.); *Burnett v. James*, 564 S.W.2d 407, 409 (Tex.Civ.App.—Dallas 1978, no writ). These cases apply the equitable principle set forth in *Jennings v. Texas Farm Mortg. Co.*, 124 Tex. 593, 80 S.W.2d 931, 934–35 (1935) to grant the recovery of actual damages not specifically prayed for under the general prayer for recovery. *See also Seureau v. Mudd*, 515 S.W.2d 746, 748 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

█ We decline to apply the rule to the facts of this case. At the hearing on her motion, Laurie Klaver acknowledged that her motion did not request attorneys' fees and requested leave to file a trial amendment. The stipulations as to attorneys' fees were received by the court on the premise that the trial amendments would be filed. We are not persuaded that her general prayer is sufficient to sustain the award of attorneys' fees. Appellant's fifth point of error is sustained.

The order of the trial court taxed attorneys' fees, including those incurred on appeal, as costs. We reform the order to delete all reference to the assessment of attorneys' fees as costs and affirm the order of the trial court as modified.