Atty-Gen v. Merghart 






REFORMED AND AFFIRMED
APRIL 30, 1990

NO. 10-89-070-CV
Trial Court
# 83-1701-1
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

ATTORNEY GENERAL OF TEXAS, ON BEHALF OF
JUDITH MERGHART AND THE STATE OF TEXAS,
   Appellant
v.

WINNY MERGHART,
   Appellee

* * * * * * * * * * * * *

 From 19th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Judith Anne Merghart and the State of Texas, by and through
its Attorney General, Jim Mattox ("the State"), appeal from a
judgment awarding them $9,394 for child support arrearage. In two
points of error, Mrs. Merghart and the State assert that the trial
court, after finding and confirming that Appellee/Cross-Appellant,
Mr. Winny Merghart, was in arrears in the amount of $12,719 for
past child support, erred by granting Mr. Merghart certain credits
toward the arrearage. Mr. Merghart brings five cross-points of
error alleging the trial court erred in awarding the $9,394
judgment, in entering a contempt order, in awarding judgment in
favor of the State of Texas, and in finding that Carmen Irene
Merghart is not emancipated. Mrs. Merghart and the State are
correct in their assertion that the credit applied to the arrearage
for the times when Mr. Merghart was unemployed is not allowed by
law, and the judgment will be reformed accordingly.
The Mergharts divorced in 1983, and Mr. Merghart was ordered
to pay $350 a month in child support for their two children, Carmen
and Brent. A hearing was held on February 16, 1989, on a motion
for enforcement of the support payments and a motion to modify the
divorce decree. The trial court modified the child support
obligation, held Mr. Merghart in contempt for his failure to pay
past child support, and granted Mrs. Merghart and the State a
judgment against Mr. Merghart.
Although the court found $12,719 was owed for past child
support, it granted Mr. Merghart the following credits toward the
arrears:
(1)The amount of $1,575 for the time period in which
the older child turned eighteen, even though the
order was never changed; and also
 
(2)The amount of $1,750 for the time period in which
the Obligor/Respondent testified undisputedly that
he was without employment.

In their first point of error, Mrs. Merghart and the State
contend that the court erred in allowing the $1,750 credit, and in
their second point of error they contend that the court erred in
allowing the $1,575 credit. By allowing these credits, the court
modified the child support arrearage. Mr. Merghart properly notes
that the "modification power of the court began at the time the
Motion was filed." See Klaver v. Klaver, 764 S.W.2d 401, 404 (Tex.
App.--Fort Worth 1989, no writ). Therefore, the court had the
authority to allow the $1,575 credit because the findings show that
the older child turned eighteen after the motion to modify was
filed. However, the $1,750 credit was erroneously allowed because
the findings show that the times when Mr. Merghart was unemployed
were before the filing of his motion to modify. Mrs. Merghart's
and the State's first point of error is sustained and their second
point of error is overruled.
Mr. Merghart argues in two reply points and one cross-point
that no judgment should have been awarded in this case because
there were no pleadings supporting the reduction of the arrearage
to judgment. He insists that because the prayer for relief in the
First Amended Motion for Enforcement and Further Orders on Child
Support Obligation did not include a prayer for judgment on the
arrearage and post-judgment interest, the trial court's judgment
should be set aside. Although the prayer does not specifically
mention the granting of a judgment, it does request the court to
grant all other relief as may be proper, and paragraph 8 of the
motion states, "Movant seeks judgment and all other appropriate
relief for all violations and accrued arrears shown on hearing." 
Additionally, no special exceptions were made to the motion, and
the record clearly indicates that this issue was tried by consent. 
See TEX. R. CIV. P. 90; Agusta Dev. Co. v. Fish Oil Well Serv., 761
S.W.2d 538, 543 (Tex. App.--Corpus Christi 1988, no writ). 
Testimony was presented at trial on Mr. Merghart's failure to make
past child support payments and the amounts he should have paid. 
Although Mr. Merghart could argue that he believed such testimony
was produced for justification of the contempt order instead of for
proof required for a judgment, his counsel stated at the conclusion
of the hearing:
"I am bringing that to your attention and asking you to
reconsider and not enter a motion for contempt, and
instead, enter an order--a judgment on arrearage, which
you would have the authority to do . . . . "

Therefore, the parties were aware that the court had the right to
award judgment on the arrearage, and because the trial court's
attention was never called to the absence of any pleadings to
support a judgment, the complaint is waived. See TEX. R. APP. P.
52(a.). Mrs. Merghart's and the State's points of error are
sustained and Mr. Merghart's reply points and first cross-point are
overruled.
In his second cross-point of error Mr. Merghart asserts that
the trial court erred in entering a contempt order requiring
Appellee to be committed to jail. We cannot consider this cross-point because the only available procedure for review of a contempt
order in Texas is an original application for a writ of habeas
corpus. See Ex parte Dillard, 577 S.W.2d 519, 520 (Tex. Civ. App.--Texarkana 1979, no writ). Therefore, cross-point of error number
two is overruled.
Mr. Merghart complains in his third cross-point that there was
no evidence presented at the hearing to show the State was entitled
to any of the child support payments, and hence there was no
evidence to support the award of judgment in favor of the State of
Texas. Mrs. Merghart's motion was brought pursuant to chapter 76
of the Texas Human Resources Code which allows for assignments of
support rights to the attorney general. Mr. Merghart directs our
attention to section 76.003 which provides that "[t]he filing of an
application for or the receipt of financial assistance under
chapter 31 of this code constitutes an assignment to the attorney
general of any rights to support . . . . " TEX. HUM. RES. CODE
ANN. § 76.003 (Vernon Supp. 1990).
Under present law, section 76.004 allows for an assignment of
support rights when an application for child support services has
been made irrespective of whether the applicant has applied for or
received financial assistance under chapter 31. Id. at § 76.004. 
However, as Mr. Merghart points out, section 76.004 did not contain
any language addressing assignment of support rights at the time of
the hearing in this case. See id. Therefore, the State did fail
to meet its burden to prove any interest in the judgment, and the
judgment shall be reformed to be only in favor of Mrs. Merghart. 
Mr. Merghart's cross-point of error number three is sustained.
In Mr. Merghart's last two cross-points of error he asserts
that the trial court erred in finding that Carmen Irene Merghart is
not an emancipated minor. His fourth cross-point states that the
finding is against the great weight and preponderance of the
evidence, and his fifth cross-point states that the evidence
established as a matter of law that the child is emancipated. Mr.
Merghart argues that even though Carmen is not married and lives
with her mother, she is emancipated because she has entered into a
relationship which is inconsistent with the rights of her parents,
i.e., she has a child born out of wedlock, she qualifies for Aid to
Families with Dependent Children and, but for her mother's refusal
to give her permission, she would be married to her live-in
boyfriend. Mr. Merghart also asserts that because Carmen's child
is now her heir at law instead of her parents, she must be
emancipated under the law.
Whether or not these facts are consistent with the rights of
her parents, the Family Code imposes upon each spouse the duty to
support his or her child, and it defines "child" as "a person under
18 years of age who is not and has not been married or who has not
had his disabilities of minority removed for general purposes." 
TEX. FAM. CODE ANN. §§ 44.02, 11.01(1) (Vernon Supps. 1990). There
are no cases which interpret the Texas Family Code to relieve a
parent of his obligation to support his child under circumstances
similar to the Mergharts' case. Carmen Merghart is under the age
of 18, is not married, and her disabilities of minority have not
been removed. We must leave to the legislature the decision of
excluding from the definition of "child" any unmarried person under
18 years of age who has a child of his own. Until that decision is
made, Mr. Merghart must pay child support as the Family Code
requires. See id. at § 14.05 (Vernon 1986 and Vernon Supp. 1990). 
Cross-points of error four and five are overruled.
The award for child support arrearage is clearly separable
from the remaining portions of the trial court's judgment without
any unfairness to the parties, and we order these parts severed. 
See TEX. R. APP. P. 81(b)(1). We reform the award granted Mrs.
Merghart by increasing it from $9,394 to $11,144 together with
legal interest at the rate of 10% per annum from the date of the
order. We also reform the judgment to exclude the State of Texas
from any award. See id. at 80(b)(2).
 
                               TERRY R. MEANS
DO NOT PUBLISHJustice