

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00398-CV

_____

TRAVIS RAY WILLINGHAM, Appellant

V.

SARA LYNNE WILLINGHAM, Appellee

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 22-2636-362

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Travis Ray Willingham appeals from a no-answer default divorce judgment. We modify the judgment to delete the $12,000 "spousal support" award and the attorney's-fees and costs awards, but we affirm the judgment as modified.

### Procedural Background

On April 4, 2022, Sara Lynne Willingham filed an original divorce petition. Although she believed "both sides [would] enter into an agreement regarding community property," she asked the trial court to divide it "in a fair and just manner" if she and Travis could not agree. Sara did not ask for other relief.

Travis was served in person in Colorado on April 30, 2022. The clerk's record shows that Sara's attorney mailed Travis a Notice of Final Trial—scheduled for July 22, 2022, at 11:00 a.m. in person at the 362nd District Court—by both certified and first-class mail.

After the July 2022 hearing—at which Travis did not appear—the trial court signed a final decree on July 22, 2022. The decree recites that Travis "was properly served a copy of the citation and petition for divorce, and has been found in default." The trial court granted the divorce on insupportability grounds, awarded Sara $12,000 in "spousal support" in $1,000 installments, and divided the parties' property.

Almost a month after the decree was signed, Travis filed a timely motion for new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). He asserted that he did not intentionally, or through conscious indifference, fail to appear

2

at trial because he never received notice of the final hearing and because Sara had led him to believe that she was not pursuing the divorce. Travis claimed as a meritorious defense that the property division was not just and right because it divested him of all right to the community-property home while leaving him solely responsible for paying the mortgage. He also pleaded that Sara would not be delayed or injured by a new trial, offered to mediate the dispute, and was "prepared to concede the reasonable expenses" Sara had incurred.

In her response to Travis's new-trial motion, Sara disputed Travis's claim that he never received notice of the final trial. She attached screen shots of what purported to be a text conversation between her and Travis at the time of the hearing, which started with a message asking if her lawyer was "there." When Sara responded, "He's checking in," the other party replied, "Make the choice that works for you" and "I trust you." A later screenshot says, "Mr[.] Pedicini gets here in 10 min" and "We['] re in 362." The other texter responded, "I'm in room J . . . Jeep," and, "I have barely any internet here."

The trial court heard Travis's new-trial motion on September 15, 2022,[1] and then signed an order denying it on September 23, 2022. Travis timely filed a notice of appeal and filed a clerk's record but not a reporter's record.[2]

---

[1]The trial court's docket sheet for that date notes, "Parties present with counsel. Evidence received on the record. H testified that he made the con[s]cious decision to remain in the car in the courthouse parking lot during the final hearing

3

Travis raises four issues in this appeal: (1) the trial court abused its discretion by awarding Sara spousal support because she did not ask for it in her pleadings; (2) the trial court abused its discretion by awarding Sara a disproportionate share of the community estate because she did not request it in her pleadings; (3) the trial court abused its discretion by awarding Sara attorney's fees and costs that she did not properly plead for or prove; and (4) the trial court erred by denying his motion for new trial because he could not be consciously indifferent to relief exceeding the pleadings.

We address Travis's fourth and second issues first because if we were to sustain them, we would order a new trial. *See* Tex. R. App. P. 47.1; *In re I.A.B.N.*, No. 01-22-00306-CV, 2022 WL 4540813, at *10 (Tex. App.—Houston [1st Dist.] Sept. 29, 2022, no pet.) (mem. op.).

---

while he knew that his W was finalizing the divorce. Found that H's inaction was due to con[s]cious indifference."

[2]We notified Travis that the court reporter had informed this court that he had not arranged to pay for the reporter's record, and we told him that if he did not do so by December 2, 2022, we would consider and decide only those complaints not requiring a reporter's record. *See* Tex. R. App. P. 37.3(c). On December 15, 2022, we sent Travis a letter that stated, "Because appellant failed to pay or make arrangements to pay for the reporter's record, and failed to request a reporter's record, the court will consider and decide those issues or points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c)."

## New-trial Motion

Travis argues in his fourth issue that the trial court erred by denying his motion for new trial, in which he claimed that he did not intentionally fail to appear at trial, nor was he consciously indifferent to the need to appear. Because Sara disputed whether Travis failed to appear or was consciously indifferent to the need to appear, and because the clerk's record shows that the trial court held a recorded evidentiary hearing but that Travis failed to pay for and file a reporter's record, we must presume that the trial court correctly decided this *Craddock* element adversely to Travis.

An appellant must ensure that the appellate court receives an appellate record sufficient to evaluate whether the appellant has shown reversible error. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). To rely on a reporter's record, the appellant must request the court reporter to prepare the record and, if not indigent, arrange to pay the reporter's fee. *See* Tex. R. App. P. 35.3(b). Without a reporter's record, we cannot review complaints based on the trial court's resolution of evidentiary issues. *See Chevalier v. Roberson*, No. 01-15-00225-CV, 2016 WL 1590993, at *4 (Tex. App.—Houston [1st Dist.] Apr. 19, 2016, no pet.) (mem. op.).

When a new-trial motion implicates *Craddock*'s first prong and the opposing party contests the movant's accident-or-mistake contention, the trial court must resolve the factual dispute at a hearing. *See Martinez v. Hauling 365, LLC*, No. 13-20-00195-CV, 2022 WL 480251, at *4 (Tex. App.—Corpus Christi–Edinburg Feb. 17, 2022, no pet.) (mem. op.); *Roman v. Ramirez*, 573 S.W.3d 341, 352 (Tex. App.—El

5

Paso 2019, pet. denied). Because Travis's new-trial complaint required the trial court as factfinder to resolve an evidentiary issue—and because Travis failed to designate and pay for a reporter's record of that hearing so that it could be filed in this court— we must presume that the evidence adduced at the new-trial hearing supports the trial court's denial of Travis's new-trial motion. *See, e.g., In re E.R.S.*, No. 07-17-00255-CV, 2018 WL 2375796, at *3 (Tex. App.—Amarillo May 24, 2018, no pet.) (mem. op.); *Ogbeide v. Limbrick*, No. 01-12-00352-CV, 2012 WL 5877630, at *3 (Tex. App.— Houston [1st Dist.] Nov. 21, 2012, no pet.); *Powell v. Asplundh Tree Expert Co.*, No. 13-11-00317-CV, 2012 WL 3242105, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 9, 2012, no pet.) (mem. op.). We overrule his fourth issue.

## Property Division

In his second issue, Travis contends that the trial court's property division must be reversed because Sara did not plead for the disproportionate division it effects.

Sara's petition sought a just-and-right[3] division of the community estate if she and Travis could not agree on a division. Sara did not plead for a disproportionate share of the community estate because of Travis's fault. *See Twyman v. Twyman*, 855 S.W.2d 619, 625 (Tex. 1993); *In re Marriage of Mena*, No. 06-21-00088-CV, 2022 WL 3907926, at *2 (Tex. App.—Texarkana Aug. 31, 2022, no pet.) (mem. op.)

---

[3]*See* Tex. Fam. Code Ann. § 7.001 (requiring trial court in divorce to divide the parties' estate "in a manner that the court deems just and right, having due regard" for each party's rights).

("Because Fernandez [pleaded] that this was a fault-based divorce, 'the court may consider the conduct of the errant spouse in making a disproportionate distribution of the marital estate.'" (quoting *In re Marriage of Hultquist*, No. 14-19-00896-CV, 2021 WL 2252129, at *3 (Tex. App.—Houston [14th Dist.] June 3, 2021, no pet.) (mem. op.))). But even in a no-fault divorce, a trial court may consider fault in making a disproportionate property division. *See Cyree v. Cyree*, No. 03-21-00319-CV, 2022 WL 17835215, at *4–5 (Tex. App.—Austin Dec. 22, 2022, no pet.) (mem. op.) (collecting cases and then noting, "What is 'just and right' in dividing the parties' estate is a separate determination from the ground for dissolving the marriage").

In making a just-and-right division, the trial court may consider—in addition to fault if pleaded—"such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property." *See Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Young v. Young*, 609 S.W.2d 758, 761 (Tex. 1980); *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974).

A reporter's record is necessary to determine whether the trial court abused its discretion in dividing marital property. *De Vega v. Munoz*, 623 S.W.3d 565, 567 (Tex. App.—El Paso 2021, no pet.); *Summerville v. Bright*, No. 05-19-00989-CV, 2020 WL 3566721, at *2 (Tex. App.—Dallas July 1, 2020, no pet.) (mem. op.); *Caldwell*

*v. Caldwell*, No. 03-10-00292-CV, 2012 WL 5476848, at *2 (Tex. App.—Austin Nov. 8, 2012, pet. denied) (mem. op.).[4] Thus, we must overrule Travis's second issue.

## Spousal Maintenance

In his first issue, Travis contends that the trial court erred by awarding Sara $12,000 in "spousal support" because she did not plead for such an award.

Like all judgments, a default judgment must conform to the pleadings. *See* Tex. R. Civ. P. 301; *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). This rule is a specific application of the more general principle that a party may not be granted relief in the absence of pleadings to support that relief, unless the request for relief is tried by consent—a situation that cannot occur in the context of a default judgment. *In re Marriage of Day*, 497 S.W.3d 87, 89 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (first citing *Stoner*, 578 S.W.2d at 682; and then citing *Maswoswe v. Nelson*, 327 S.W.3d 889, 895–96 (Tex. App.—Beaumont 2010, no pet.)). A default judgment not supported by the pleadings—i.e., that does not give the opposing party fair notice of the pleaded claims—is fundamentally erroneous. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *Qi v. An*, No. 02-20-00330-CV, 2021 WL 5028607, at *6 (Tex. App.—Fort Worth Oct. 28, 2021, no pet.) (mem. op.). Moreover, absent

---

[4]We may not consider the reporter's record attached to Travis's brief because he never made it part of this case's appellate record. *See In re B.H.*, No. 02-15-00155-CV, 2015 WL 5893626, at *4 (Tex. App.—Fort Worth Oct. 8, 2015, no pet.) (mem. op.); *see also* Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.").

fair notice in the pleadings, a party who fails to appear at trial will not be held to have tried an unpleaded cause of action by implied consent. *Stoner*, 578 S.W.2d at 685; *Qi*, 2021 WL 5028607, at \*6.

Sara argues that the trial court's "spousal support" award is merely part of the trial court's just-and-right property division and—regardless of the title used in the decree—is simply a money judgment to Sara to effect that division. According to Sara, that the decree does not refer to Family Code Chapter 8 shows that the trial court did not intend to award spousal maintenance according to the Family Code. *See Dalton v. Dalton*, 551 S.W.3d 126, 130 (Tex. 2018) (noting that "[f]or 150 years, the State of Texas rejected post-divorce alimony as contrary to public policy" until, in 1995, the Texas Legislature authorized "a [narrow and limited] form of involuntary post-divorce alimony referred to as 'spousal maintenance'" (citing Tex. Fam. Code Ann. § 8.001)); *see also* Tex. Fam. Code Ann. § 7.006(a) (providing that divorcing spouses can agree to spousal maintenance).

Determining whether a divorce decree divides certain property is largely a question of interpretation. *Knorr v. Knorr*, No. 02-20-00332-CV, 2021 WL 4319710, at \*3 (Tex. App.—Fort Worth Sept. 23, 2021, no pet.) (mem. op.). "We construe divorce decrees, like judgments, as a whole to harmonize and give effect to the entire decree." *Id.* (quoting *Murray v. Murray*, 276 S.W.3d 138, 144 (Tex. App.—Fort Worth 2008, pet. dism'd)). We construe unambiguous terms according to the actual language used. *Id.*

9

"[I]t is well settled that a trial court may award a money judgment to one spouse against the other in order to achieve an equitable division of the community estate." *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998) (citing *Murff*, 615 S.W.2d at 699). But "the money judgment can only be used as a means for the wronged spouse to recoup the value of his or her share of the community estate lost through the wrongdoer spouse's actions." *Id.*

Sara urges that we construe the decree as simply awarding a money judgment to her instead of spousal support because the decree does not use the term "spousal maintenance," does not reference Family Code Chapter 8, and is included under the umbrella subtitle "Division of Marital Estate." But the decree's omission of the exact statutory phrasing does not show that the award was intended to be other than what its plain description purported it to be: "spousal support." When viewed in the context of the entire decree, even though located in the overall property-division section, the award does not appear to function as a money judgment to make the property division more equitable to Sara.[5] Thus, we decline to deviate from the

---

[5]Nothing in the appellate record shows the total value of the community estate, but simply from the decree's face, it would be difficult to conclude that before the $12,000 "spousal support" award, the property division was disproportionate in Travis's favor. The trial court divided each of three bank accounts and four investment accounts 50/50. But it awarded only Sara personal property in her possession and also awarded a list of 36 specific personal-property items to Sara. The trial court also awarded Sara—but not Travis—a car; ordered Sara to pay debts she incurred solely "from and after May 1, 2022," but ordered Travis to pay debts incurred by both him and Sara "from and after May 1, 2022" and, specifically, debt on the Capital One credit card; and awarded Sara 100% ownership in the parties' home.

unambiguous, actual words used. *See Wagner v. Davis*, No. 02-19-00249-CV, 2020 WL 241381, at *3 (Tex. App.—Fort Worth Jan. 16, 2020, no pet.) (mem. op.).

Sara did not seek spousal support of any kind (pending the divorce or postdivorce) in her pleadings. Thus, this part of the final decree is erroneous. *See* Tex. R. Civ. P. 301; *Day*, 497 S.W.3d at 90–91; *see also Lynch v. Lynch*, 540 S.W.3d 107, 134–35 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). We sustain Travis's first issue.

## Attorney's Fees and Costs

Travis also complains that the attorney's-fees and costs awards in the judgment are not supported by Sara's pleadings.

"In a suit for dissolution of a marriage, the court may award reasonable attorney's fees and expenses." Tex. Fam. Code Ann. § 6.708(c). The court also "may award costs to a party." *Id.* § 6.708(a). This section gives the trial court broad discretion in deciding whether to award fees. *Poydras v. Poydras*, No. 02-22-00152-CV, 2023 WL 415804, at *18 (Tex. App.—Fort Worth Jan. 26, 2023, no pet.) (mem. op.). But absent a mandatory statute, a party must plead for an attorney's-fees award pursuant to the Family Code. *See In re A.M.*, 974 S.W.2d 857, 865 (Tex. App.—San Antonio 1998, no pet.); *Gross v. Gross*, 808 S.W.2d 215, 222 (Tex. App.—Houston

---

Although Travis complains that the decree orders him to pay the home's mortgage, we note that after having named Travis Respondent, the decree orders him to pay "[a]ll encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to *Respondent* in this decree." [Emphasis added.] The decree does not award Travis any real property but it does award him interests in the parties' bank and investment accounts.

[14th Dist.] 1991, no writ); *Klaver v. Klaver*, 764 S.W.2d 401, 405 (Tex. App.—Fort Worth 1989, no writ); *Wolters v. White*, 659 S.W.2d 885, 888–89 (Tex. App.—San Antonio 1983, writ dism'd w.o.j.); *see also MacCallum v. MacCallum*, 801 S.W.2d 579, 587 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied) ("In order to be entitled to a discretionary award of attorney's fees[,] the movant must affirmatively plead for them unless the issue is waived or tried by consent.").

Sara's pleading did not seek discretionary attorney's fees or costs, nor does a statute mandate the award of such fees and costs here. Thus, the trial court's award of attorney's fees and costs to Sara goes beyond the pleadings. *See Klaver*, 764 S.W.2d at 405. We sustain Travis's third issue.

## Conclusion

Having sustained Travis's first and third issues, we modify the judgment to delete the $12,000 spousal-support award, the $5,875 attorney's fees award, and the award of $630 in costs. *See Howe v. Howe*, 551 S.W.3d 236, 257, 260–61 (Tex. App.—El Paso 2018, no pet.); *Klaver*, 764 S.W.2d at 405. But having overruled Travis's second and fourth issues, we affirm the judgment as modified.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 13, 2023

12