## GULF STATES UTILITIES CO. v. MADELEY et al.

### No. 2049.

Court of Civil Appeals of Texas. Beaumont.

Feb. 5, 1931.

Rehearing Denied Feb. 25, 1931.

S. A. Crawford, of Conroe, for appellant.

Strode & Pitts, of Conroe, for appellees.

WALKER, J.

On the 1st day of May, 1928, appellees owned lots 1, 2, 3, 4, 5, and 6 in block 3 of the Risher addition to the city of Conroe. Because of the beautiful trees on these lots, they had a substantial value as residence lots. In this case appellees sued appellant alleging that, on the date mentioned, without their knowledge or consent, appellant entered upon these lots and cut and removed all the trees growing thereon except a few on the rear of the lots; and further alleged that appellant, after cutting and removing the trees, caused to be erected across said lots, on the front or eastern side thereof, an electric high line used for the purpose of transmitting a high voltage of electricity, and erected and placed upon said property poles for the purpose of supporting said high line. They plead their damages as follows: "Plaintiffs say that immediately prior to the unlawful entry of the defendant upon said land and premises, and before the cutting and removing of said shade trees and the erection of said electric high-line, said six lots, described in Paragraph One of this petition were of the reasonable market value of Two Hundred ($200.00) Dollars, each, and of the aggregate value of $1200.00. That said lots immediately after said unlawful entry and trespass, and at the present time are of the reasonable market value of fifty dollars each and of the aggregate value of $300.00."

The trial court sustained appellant's exceptions to this plea, holding that appellees must amend their petition by alleging the specific damages caused by each act of trespass; that is, the damages caused (a) by cutting the trees, (b) by erecting the high line, (c) by erecting the poles. In compliance with this ruling, appellees filed the following trial amendment: "Now comes the plaintiffs in the above entitled and numbered cause, leave of the court having been first had and obtained, and files this their trial amendment, and abandons all that part of their third amended original petition wherein they allege damages to the property described in said petition by reason of the construction of said high-line, and base their damages upon the destruction of the growing shade trees then on said property aforesaid, in the amount as pleaded for in said third amended original petition."

In addition to the foregoing special exception, appellant answered by general demurrer, plea to the jurisdiction on the ground that appellees sued for less than $500, plea of limitation, and a general denial.

The following issues were submitted to the jury, answered as indicated:

"Special Issue No. 1. What was the reasonable market value of the property in question just before the time the trees were cut as complained of in plaintiffs' petition?" Answer: "$1,200.00."

"Special Issue No. 2. What was the reasonable market value of the property in question immediately after the trees were cut, as complained of in plaintiffs' petition?" Answer: "$600.00."

"Special Issue No. 3. If you have answered giving a lower valuation after the trees were cut than before the trees were cut, then answer what part, if any, of this difference was caused by reason of the erection of the high-line of the defendant along the side of the lots belonging to the plaintiff, Mrs. Madeley." Answer: "$00.00."

## Opinion.

Appellant insists that the court erred in refusing to strike out the trial amendment; the point being that the law required appellees to replead their case in full, making a new pleading "complete in itself." This contention is not sound. The rule regulating the filing of trial amendments is thus stated in the second edition to Townes' Texas Pleadings, p. 449: "If in the progress of the trial of a case a demurrer to any pleading is sustained, and there is no opportunity to rewrite the whole pleading, the court can permit the party to prepare an instrument known as a trial amendment, to be used in connection with the pleading amended, supplying its omissions as adjudged upon the demurrers of the adverse party."

258

The trial amendment in this case was filed in strict compliance with this rule.

■ The following is appellant's second proposition: "No judgment could be rendered in this case for plaintiffs, the trial court having sustained defendant's special exception during the trial of the case, that the damage as plead by plaintiffs could not be combined, and no amended pleading having been filed thereafter, as required by law, setting up any specific damage, it was the duty of the court to peremptorily instruct a verdict for defendant."

The facts do not sustain this proposition. The trial amendment specifically alleged the damages caused by cutting the trees, fixing it at the same amount pleaded in the original petition as damages for all three trespasses.

■ There is no merit in the plea to the jurisdiction. Clearly appellees claimed damages in the sum of $900, which was within the jurisdiction of the district court.

■ Though the record shows that appellant's exception to appellees' petition, discussed above, was sustained by the trial court and that appellees met the exception by filing their trial amendment, yet appellant insists that there was no pleading to authorize a submission to the jury of the issue of damages caused by cutting the trees. This contention is overruled.

■ The following is the fifth proposition: "The court erred in not sustaining defendant's plea of two years limitation in the trial of this case when plaintiffs filed their trial amendment which was filed June 2d, 1930, and the proof showed that the timber was cut in May, 1928, the filing of the trial amendment coming more than two years after the cutting of the timber and the filing of the trial amendment changing the cause of action sued on and making a new cause of action declared on."

This proposition is without merit. The filing of the trial amendment did not constitute an abandonment of the original cause of action and the institution of a new cause of action. The only office of the trial amendment was to meet defects in the trial petition.

■ By the sixth proposition appellant complains of the argument of counsel to the jury. This proposition must be overruled because of the defective bill of exception upon which it is based. In the bill of exception the trial court did not certify expressly and affirmatively that there was no evidence to justify the argument, nor that there was no evidence upon which the argument could have been founded, nor that there was no argument on the part of opposing counsel to provoke the argument complained of. These omissions made the bill defective. Texas Employers' Ins. Ass'n v. Heuer (Tex. Civ. App.) 10 S.W. (2d) 756; Ratliff v. Nau (Tex. Civ. App.) 36 S. W.(2d) 254, and authorities cited in these two cases.

It follows that the judgment of the trial court must be affirmed, and it is accordingly so ordered.