## MILLER v. KEYES.
### No. 9664.

Court of Civil Appeals of Texas. Austin.
Nov. 5, 1947.

Rehearing Denied Nov. 28, 1947.
Further Rehearing Denied Dec. 17, 1947.
See 207 S.W.2d 257.

Ronald Smallwood, of Harlingen, for appellant.

Greenwood, Johnson and Phillips, of Harlingen, for appellee.

HUGHES, Justice.

Appellant, Watson Miller, who was plaintiff below, sued appellee, Edgar T. Keyes, for breach of a farm rental contract in which appellant was lessor and appellee was lessee, the breach alleged to be in appellee's failure to plant thirty acres of the leased land in cotton or any other crop and in failing to properly plant and cultivate sixty-eight acres which was planted in cotton.

Appellee answered by denying these charges and by way of cross-action sued appellant for damages, alleging that to induce the execution of such rental contract appellant made certain promises to appellee which he had no intention of performing, and that appellant had himself breached the contract by failing to "pay for all flat rate and other water taxes" as he was obliged to do under the terms of the contract, such failure resulting in water being unavailable for irrigation purposes.

By jury verdict all issues pertaining to appellant's suit were answered in appellee's favor, and judgment was rendered accordingly.

The jury answered issues pertaining to appellee's cross-action as follows:

That appellant's failure to pay the flat rates prior to April 18, 1946, caused the crop loss on the 68 acres and on the 30 acres. That appellant made no false representations to induce the execution of the contract.

No issues as to damages were submitted to the jury for the reason that the parties had stipulated the amount to be recovered in the event appellee was entitled to judgment.

Based upon the jury's verdict the trial court rendered judgment for appellee in the sum agreed upon as damages.

Although the jury found all issues of fraud in favor of appellant he contends no issue of fraud was raised by the pleadings and that his cause of action against

appellee was prejudiced before the jury by the admission of evidence tending to establish such fraud.

The basis of this contention is that appellee by filing a trial amendment abandoned all of his prior pleadings and the trial amendment having omitted all allegations of fraud, evidence of fraud was inadmissible.

While an amended pleading must be complete within itself and is substituted for the pleading amended, Rule 64, Texas Rules of Civil Procedure, a trial amendment is for the purpose of enlarging the pleadings to meet objections to evidence as not being within the scope of the pleadings and to cure any defect, fault or omission in a pleading, either of form or substance, which is called to the attention of the court during the trial, Rule 66, Texas Rules of Civil Procedure, and is supplemental to and in amplification of the current pleading of the party filing such trial amendment. Sec. 86, Pleading, 33 Tex.Jur.

Fraud having been alleged in the pleading upon which appellee went to trial there was no error in admitting evidence of such fraud and in submitting the issues raised to the jury.

■ Appellant contends there was no evidence to support the finding of the jury that his failure to pay the flat rates prior to April 18, 1946, occasioned the crop loss on the thirty and sixty-eight-acre tracts.

The contract between the parties was dated November 23, 1945, and ran until September 1, 1947, the rental being one-fourth of the crops harvested. It was expressly provided that appellant was "to pay for all flat rate and other water taxes."

It is undisputed that the flat rate for the last nine months of 1945 was not paid by appellant until April 18, 1946, at which time he also paid the flat rate for the first quarter of 1946.

Appellee received a permit from the U. S. Department of Agriculture authorizing him to plant cotton on the leased premises to be valid only "during period February 1 to March 31, 1946."

Mr. W. A. Heller, Assessor and Collector of Taxes for Hidalgo and Cameron County Water District No. Nine, testified that no water would have been furnished either appellant or appellee prior to the payment of the flat rates, but that water would have been available if the flat rate had been paid.

Appellee testified to the lack of rain, the need for water, and the amount of cotton which would have been made if water had been available. In verification, appellant testified:

"Q. Now, you have heard Mr. Keyes' testimony with reference to the additional crops that would have been produced if he had had water? A. Yes, sir.

"Q. Is that testimony approximately correct? A. Yes, sir, I would judge that's a pretty good guess.

"Q. In other words, from your experience as a farmer, and in raising cotton, if that cotton had been given sufficient water, it would have produced a crop worth the additional amount of money that he says it would? A. I think it would have made more than that."

In our opinion the evidence clearly and amply supports the finding of the jury that the loss of crops was due to appellant's failure to pay the flat rate.

■ Appellant argues that since no time was fixed in the contract for paying the flat rate, he was not required to pay until a demand for payment had been made. This flat rate was not due appellee; it was payable to the Water District and we are not informed as to whether a demand by the District is necessary. It seems that the payment of the flat rate is a prerequisite to obtaining water.

The purpose of this contract was to grow crops; appellant's rent depended upon the production of crops. Common sense demands a construction of the contractual provisions of the contract so as to achieve the object for which it was made. The contract plainly contemplated that appellant would pay the flat rate in time for water to be available for orderly and seasonable crop production, and this without any further demand by appellee.

■ Reversal is also sought by appellant on the ground that appellee did not plead

122

that failure to pay the flat rate prior to April 18, 1946, caused the loss of crops. We quote from appellee's cross-action:

"That Plaintiff agreed in writing to pay flat rate taxes on instant property in order that water might be procured. *· * * that Plaintiff did not pay the flat rate until the 18th day of April, 1946, and that because of Plaintiff's failure to pay said flat rate the Water District refused to furnish water until the flat rates were paid. * * * that water was not made available to Defendant in that said Water District refused to furnish water until flat rates were paid and consequently Defendant suffered a loss in the value of the crops acutally grown * * *."

Appellant filed no exception to these allegations and we consider them sufficient.

The judgment of the trial court is affirmed.

Affirmed.