**Diana GARCIA, Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 13–86–295–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 26, 1986.

Mark A. Di Carlo, Corpus Christi, for appellant.

Evelyn Huerta, James H. Bjorum, Corpus Christi, for appellee.

Before DORSEY, KENNEDY, and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a decree terminating the parent-child relationship between Diana Rodriguez Garcia and her three children Johnny, Manuel, and Virginia Rodriguez. We affirm.

Appellant's first three points of error complain of the admission of excerpts from the deposition of Anna Downing Bozarth. Point one complains that certain statements were inadmissible because they are contradictory. Points two and three contend that certain statements were inadmissible hearsay.

The deposition complained of has not been made a part of the appellate record. The portions of the deposition which were read to the jury were not transcribed by the court reporter, but were referred to merely by page and line numbers.

█ The burden is on the appellant to provide the appellate court with a record that is sufficient to show the error complained of on appeal. *Hydro-Line Manufacturing Co. v. Pulido,* 674 S.W.2d 382 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). In the absence of the testimony complained of, nothing is presented for review.

█ However, we note that conflicts in testimony do not affect its admissibility, only its weight and credibility, both of which are for the jury's determination. *Jones v. Tarrant Utility Co.,* 638 S.W.2d 862 (Tex.1982); *Jim Walter Homes, Inc. v. Gonzalez,* 686 S.W.2d 715, 718 (Tex.App.— San Antonio 1985, writ dism'd).

Appellant's first, second, and third points of error are overruled.

Appellant's fourth point of error contends that the trial court erred "in not holding a hearing to review the conservatorship appointment from five and one-half months to seven months after the date of the last hearing in accordance with the Texas Family Code Section 18.01, and thus, the trial court lost its continuing jurisdiction."

Chapter Eighteen of the Family Code is entitled "Review of Placement of Children Under the Care of the Department of Human Resources." Section 18.01 provides that, in a case where the Department of Human Resources has been named by the court as the managing conservator of a child, the court shall hold a hearing to review the appointment and placement of the child not earlier than five and one-half months nor later than seven months after the last hearing. Tex.Fam.Code Ann. § 18.01 (Vernon 1986). In the instant case, such a hearing was not held within the required time period. Appellant maintains that, as a result of the failure to hold the hearing within the time specified, the court lost jurisdiction over the children and thus, did not have jurisdiction to enter the order that is the subject of this appeal.

█ We disagree. One of the unique features of our Family Code that distinguishes it from the array of statutes that it replaced is the concept of a court of continuing and exclusive jurisdiction, as expressed in Section 11.05 of the code. For a court to lose jurisdiction of a child because the court failed to hold a hearing to review the placement of the child would tend to defeat that provision of Section 18.01 that requires review; with the loss of jurisdiction over the child, it would be necessary to

refile an original proceeding in order for a court to review the placement made earlier.

We find the loss of jurisdiction to be too harsh a remedy for failing to hold the hearing within the specified time. Appellant's fourth point of error is overruled.

Appellant's fifth point of error contends that "the trial court erred in permitting the [appellee] to file the written trial amendment the same day the judgment was signed as no amended or supplemental petition was filed in accordance with an appropriate trial amendment." We construe this point of error to be an attack on both the timing and the form of the trial amendment, and we will address each argument as points 5A and 5B, respectively.

Appellee orally requested leave to file a trial amendment in open court on February 4, 1986, to correct the petition which alleged six statutory grounds for termination pursuant to § 15.02 of the Family Code, but connected the six grounds with "and" rather than "or." Appellant objected that the request was not timely because appellee had presented its case. The trial court granted the trial amendment. Appellee filed a written trial amendment reflecting the change from "and" to "or" that had been approved by the court, on February 24, 1986, the day the judgment was signed.

The trial court has broad discretion in granting or denying leave to file a trial amendment and that decision will not be disturbed on appeal absent an abuse of discretion. *Wendell v. Central Power and Light Co.*, 677 S.W.2d 610, 617 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Trial amendments may be filed up to the time the judgment is signed. *Rocha v. Ahmad*, 676 S.W.2d 149 (Tex.App.—San Antonio 1984, writ dism'd). Appellant's point 5A is overruled.

Appellant contends that because appellee failed to file a complete amended petition, the trial amendment was insufficient. The trial amendment filed by appellee reduced to writing the amendment previously made in open court and fully set out the corrected version of only paragraph six of the petition. This trial amendment was approved as to form by each of the attorneys involved in the case.

A trial amendment is "supplemental to and in amplification of the current pleading of the party filing such trial amendment." *Miller v. Keyes*, 206 S.W.2d 120, 121 (Tex.Civ.App.—Austin 1947, writ ref'd n.r.e.). It is "used in connection with the pleading amended, supplying its omissions." *Gulf States Utilities Co. v. Madeley*, 36 S.W.2d 256, 257 (Tex.Civ.App.—Beaumont 1931, writ dism'd). *See* 2 R. McDonald, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 8.07–B (rev.1982). By oral and written motions, appellee adequately amended the sixth paragraph of its petition.

However, even without this amendment, the judgment would conform to the pleadings because the jury found that appellant had violated all six grounds for termination. Appellant's point 5B is overruled.

The judgment of the trial court is affirmed.