In the Interest of L.S.C., a Child.

No. 05–04–00905–CV.

Court of Appeals of Texas, Dallas.

Aug. 2, 2005.

Rehearing Overruled Sept. 6, 2005.

Loretta A. Keller, Plano, for Ad Litem.

Corwin L. Teltschik, L.T. Bradt, Houston, for appellant.

Duke Elton Hooten, Texas Department of Protective and Regulatory Services, Austin, Robert O. Hultkrantz, Hardin, House, Hultkrantz & Associates, McKinney, for appellee.

Before Justices WHITTINGTON, MOSELEY, and LANG–MIERS.

## OPINION

Opinion by Justice WHITTINGTON.

Richard Chrisman appeals the trial court's judgment (i) denying Richard's request to terminate the parental rights of his former wife, Indira Ruth Chrisman, (ii) appointing both Richard and Indira joint managing conservators of their child, L.S.C., (iii) granting Indira the exclusive right to determine primary physical residence of L.S.C., and (iv) ordering Richard's access to L.S.C. be limited to supervised visitation for four hours the first, third, and fifth weeks of each month. In fourteen issues, Richard contends the trial judge erred in (i) denying Richard's motions to dismiss the Texas Department of Protective and Regulatory Services (the "TDPRS") from the case, (ii) making incorrect rulings on discovery, (iii) admitting certain evidence, (iv) entering a judgment that is contrary to the law and evidence, (v) entering findings of fact and conclusions of law that are against the overwhelming weight of the evidence, and (vi) denying his motion for partial new trial or motion for judgment notwithstanding the verdict. He also claims the jury's findings regarding Indira and denying termination of her parental rights are "contrary to the uncontroverted evidence of abuse to the child." For the reasons that follow, we reverse that portion of the trial court's judgment addressing conservatorship, possession, visitation, and child support of L.S.C. and remand for further proceedings consistent with this judgment.

### PROCEDURAL BACKGROUND

Richard and Indira were married August 29, 1997. The following year, they had a son, L.S.C. They later separated, and Richard filed for divorce on October 16, 2001. Both parents were appointed joint temporary managing conservators with Richard having the exclusive right to establish L.S.C.'s primary residence. L.S.C. lived with Richard during the week and spent weekends with Indira. In April 2002, Richard filed a motion to modify the temporary orders, alleging that Indira was abusing L.S.C. The trial judge denied the motion. On May 2, 2002, the TDPRS filed a petition seeking to terminate both Richard's and Indira's parental rights and asking that the TDPRS be named temporary managing conservator of L.S.C. Attached to the petition was TDPRS-employee Michelle Hiza's five-page, single-spaced affidavit detailing the TDPRS's involvement in the case, beginning in October 2001. That same day, the trial judge appointed the TDPRS temporary managing conservator of L.S.C., who was subsequently placed in a foster home.

On February 13, 2003, Richard filed his first amended petition for divorce and for termination of Indira's parental rights and original answer, asking, in part, that the judge remove the TDPRS as temporary managing conservator and appoint him as temporary sole managing conservator. That same day, the trial judge signed a memorandum and order, continuing the TDPRS as temporary managing conservator and setting deadlines for certain evaluations and discovery. The following month, the TDPRS filed its first amended petition, dropping its previous request to terminate both parents' rights and asking that Indira be named managing conservator of L.S.C. In the alternative, the TDPRS asked to be continued as temporary managing conservator. May 2, 2003 marked the one-year anniversary of the trial court's order appointing the TDPRS temporary managing conservator; May 5, 2003 was the Monday following the one-year anniversary. On May 27, 2003, Richard filed a motion to dismiss the TDPRS from the suit on the ground that the trial judge had not entered an order as re-

quired by the family code. Although he did not rule on Richard's motion to dismiss, the trial judge later entered a June 16, 2003 order which repeated the substance of a previous order ruling on Richard's motion to compel and motion to modify corrected memorandum, including ordering counsel to confer and present an agreed scheduling order. The order then added:

> Pursuant to Sec. 263.401, Tex. Fam. Code, and in consideration of the Court's findings in the Permanency Hearing Order from the February 13, 2003 hearing, the Court determines that the date for dismissal of this cause shall be October 31, 2003.
>
> The Court finds that these orders are necessary and are in the best interest of the child.

On September 3, 2003, Richard filed his second motion to dismiss the TDPRS, alleging that the trial judge and the TDPRS had failed to schedule and hold a permanency hearing or status review as required by section 263.305 of the family code. The motion was denied in an order dated October 4, 2003. Following a seven-day jury trial, Richard filed a November 4, 2003 amended motion to dismiss the TDPRS. On March 5, 2004, the trial judge signed the final divorce decree and judgment in this case.

### MOTIONS TO DISMISS

In his first four issues, Richard claims the trial judge erred in denying his timely filed motions to dismiss the TDPRS from this case. Under these issues, Richard contends the TDPRS should have been dismissed because the trial judge failed to (i) enter, on or before the one-year deadline of May 5, 2003, an order complying with section 263.401(b) of the family code, (ii) hold a permanency hearing or status review no later than the 120th day after

February 13, 2003 as required under section 263.305, and (iii) render a final order or dismiss the suit by October 31, 2003 as required by section 263.401(c). We agree that the TDPRS should have been dismissed from this suit.

In a suit affecting the parent-child relationship, unless the trial judge renders a final order or grants an extension on "the first Monday after the first anniversary of the date" of the temporary order appointing the TDPRS as temporary managing conservator of the child, the judge "**shall dismiss** the suit affecting the parent-child relationship filed by the department." TEX. FAM.CODE ANN. § 263.401(a) (Vernon 2002) (emphasis added); *In re Neal,* 4 S.W.3d 443, 445 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding [mand. denied]). Alternatively, the judge may retain "the suit on the court's docket for a period not to exceed 180 days after the time described in Subsection (a)" if the judge finds that continuing the TDPRS as temporary managing conservator is "in the best interest of the child." TEX. FAM.CODE ANN. § 263.401(b); *see In re Ludwig,* 150 S.W.3d 819, 822 (Tex.App.-Austin 2004, orig. proceeding [mand. pending]). If the judge retains the case, he "shall render an order" (i) scheduling the new dismissal date of the suit not later than the 180th day after the time described in subsection (a); (ii) making further temporary orders for the safety and welfare of the child as needed; and (ii) setting a final hearing date that allows the court to render a final order before the required date for dismissal of the suit under this subsection. TEX. FAM.CODE ANN. § 263.401(b); *In re Bishop,* 8 S.W.3d 412, 418 (Tex.App.-Waco 1999, orig. proceeding [mand. denied]) (holding that to grant extension, judge must render extension order which must schedule new date for dismissal). If the trial judge "grants an extension but does not render a

final order or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit." TEX. FAM.CODE ANN. § 263.401(c); *In re B.T.*, 154 S.W.3d 200, 206 (Tex.App.-Fort Worth 2004, orig. proceeding) (if trial court grants extension but does not render final order within 180–day period, it must dismiss suit); *In re Ludwig*, 150 S.W.3d at 822. The time restraints imposed by section 263.401 are mandatory and not subject to modification by agreement. TEX. FAM. CODE ANN. § 263.402 (Vernon 2002); *In the Interest of J.W.M.*, 153 S.W.3d 541, 544 (Tex.App.-Amarillo 2004, orig. proceeding [pet. denied] ); *In re Ludwig*, 150 S.W.3d at 823.

### May 27th Motion to Dismiss

In his first issue, Richard contends the trial judge erred in not granting his May 27, 2003 motion to dismiss for failure to enter an extension order as required by section 263.401(a).

The trial judge appointed the TDPRS as temporary managing conservator of L.S.C. on May 2, 2002. Under the statute, the judge was required to dismiss the TDPRS's suit on May 5, 2003, unless he rendered a final order or retained the case on the court's docket by rendering an order continuing TDPRS as temporary managing conservator of L.S.C. On May 5, 2003, however, the trial judge neither rendered a final order nor rendered an order continuing TDPRS as temporary managing conservator of L.S.C. On May 27, 2003, Richard filed a motion to dismiss TDPRS from the suit, stating the judge had not entered the orders as required by section 263.401(a). Although the judge did not expressly rule on Richard's motion, he issued an order, dated June 16, in which he set October 31, 2003 as the new dismissal date of the cause and found that the order was in the best interest of the child.

The trial judge did not enter an order on May 5, 2003 retaining the case on the court's docket or continuing TDPRS as temporary managing conservator. Thus, the judge failed to comply with the requirements of section 263.401(a) of the family code. *See* TEX. FAM.CODE ANN. § 263.401(a) (Vernon 2002). As of May 6, 2003, this case was in a state of legal limbo, without a new dismissal date within 180 days as required by section 263.401(b)(1), without further temporary orders to protect the continued safety and welfare of the child as required by section 263.402(b)(2), and without a final hearing date within 180 days as required by section 263.401(b)(3). Because the trial judge failed to enter an order on or before the first Monday following the one-year anniversary date as mandated by the family code, we sustain Richard's first issue.

■ In reaching this conclusion, we reject the TDPRS's argument on appeal that Richard waived the right to complain about the trial judge's failure to enter an order extending the case beyond one year as required by section 263.401. The TDPRS bases its argument on the fact that, in February 2003, Richard filed a motion objecting to a February 13th scheduling order in which he withdrew his objection to extending the one-year deadline and asked the judge to extend the April 7, 2003 trial date. By filing a motion withdrawing his objection to extending the one-year deadline and asking for an extension of the April 7 trial date, Richard did waive the right to complain about whether continuation of the TDPRS as the temporary managing conservator was in the best interest of the child. However, he did not waive the right to complain that the trial judge *failed to enter an extension order containing all the elements required by the statute. See* TEX. FAM.CODE ANN. § 263.401(a) ("Unless the court has ren-

dered a final order or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court *shall dismiss* the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.") (emphasis added). The entry by the trial judge of an extension order as required by section 263.401(b) insures that a case involving a child in the TDPRS's care is resolved in a timely and expeditious manner. This requirement is separate and distinct from a determination whether continuing the TDPRS as temporary managing conservator is in the best interest of the child. Therefore, Richard did not waive his right to complain of the trial judge's failure to enter an order setting a new dismissal date and a final hearing date. *See* Tex. Fam.Code Ann. § 263.401(b).

## September 3rd Motion to Dismiss

■ Richard filed another motion to dismiss the TDPRS on September 3, 2003, arguing that the failure to hold a permanency hearing within 120 days of the February 13, 2003 hearing violated the family code. Section 263.305 provides

> A subsequent permanency hearing before entry of a final order shall be held no later than the 120th day after the date of the last permanency hearing in the suit. For good cause shown or on the court's own motion, the court may order more frequent hearings.

Tex. Fam.Code Ann. § 263.305 (Vernon 2002). Again, the language of the statute is mandatory, requiring the court to hold a permanency hearing. The trial judge erred in failing to hold a permanency hearing no later than June 13, 2003.

## November 4th Motion to Dismiss

■ Finally, Richard filed his November 4, 2003 amended motion to dismiss the TDPRS. In this motion to dismiss, Richard reiterated his prior claim that the trial judge failed to sign an order extending the case beyond the one-year time period contemplated by section 263.401. He also alleged that, assuming an extension had been granted, the judge failed to render a final order by the required dismissal date, i.e., by the 180th day after the first Monday after the first anniversary of the date of the temporary order appointing the TDPRS as temporary managing conservator of the child. The record shows final judgment was signed March 5, 2004, well outside the 180 days contemplated by the family code. Furthermore, during oral argument before the Court, the TDPRS conceded the trial judge erred in not granting Richard's November 4, 2003 motion to dismiss in light of the fact that no final order was rendered on or before the dismissal date of October 31, 2003. In light of the above, we conclude the trial judge erred in failing to grant Richard's November 4, 2003 amended motion to dismiss TDPRS from the suit. *See* Tex. Fam.Code Ann. § 263.401(c).

## HARM

■ Having concluded the trial judge erred, we must address whether Richard was harmed by the trial judge's failure to dismiss the TDPRS from the suit. *See* Tex.R.App. P. 44.1(a)(1) (no judgment may be reversed on appeal on ground trial court erred unless appellate court concludes error complained of probably caused rendition of improper judgment). After considering the record and history of this case, we conclude Richard was harmed by the trial judge's failure to grant his May 27th and November 4th motions to dismiss. The TDPRS was not a nominal

764

party in this case; rather, the TDPRS aggressively litigated the case and was Richard's most vigorous opponent on issues relating to the child. Further, TDPRS made arguments during trial that only the agency could make. During closing argument, the TDPRS argued the agency had, up until that moment in trial, been L.S.C.'s "shield" and that the agency had to "pass the baton" to the jury to protect L.S.C. Given the badge of authority imbued upon a state agency such as the TDPRS, we cannot conclude its participation at trial was harmless. Indeed, we conclude the zealous advocacy by the TDPRS, which should not have been a party in the case after May 5, 2003, probably caused the rendition of an improper judgment against Richard. Having concluded Richard was harmed by the trial judge's failure to grant the May 27th and November 4th motions to dismiss, we need not address whether he was harmed by the failure to grant the September 3rd motion to dismiss for failure to hold a permanency hearing.

We sustain Richard's first four issues. In light of our disposition of these four issues, we conclude we need not address Richard's remaining issues. *See* TEX. R.APP. P. 47.1.

We reverse that portion of the trial court's judgment addressing conservatorship, possession, visitation, and child support of L.S.C. and remand that portion for further proceedings consistent with this judgment. *See* TEX.R.APP. P. 44.1(b) ("If error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error.").