In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00328-CV


____________________



IN THE INTEREST OF J.G.
 





On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-200,121







MEMORANDUM OPINION


 J.G.'s mother appeals the trial court's order terminating her parental rights as to J.G. 
Appellant contends the trial court abused its discretion in finding her appeal was frivolous,
because one of her points of appeal was that the trial court erred in denying her motion to
dismiss pursuant to former section 263.401 of the Texas Family Code. Appellee concedes
error. We therefore reverse the order and remand the case for further proceedings consistent
with this opinion.

 On March 16, 2007, the Texas Department of Family and Protective Services filed a
petition for the protection of three of appellant's children. The Department requested that
the court appoint the Department as the children's temporary sole managing conservator, and
if necessary, that the Department would be named permanent conservator and that the
parental rights as to the children be terminated. The original petition was filed prior to J.G.'s
birth, and so did not name J.G. as a child subject to the suit. However, the Department was
appointed temporary managing conservator of J.G. on May 16, 2007, three days after J.G.'s
birth. (1) 

 On April 17, 2008, the trial court signed an order extending the dismissal date of the
suit to November 14, 2008. The trial court signed a termination order on July 15, 2008. On
September 5, 2008, the trial court granted appellant's motion for new trial. A new trial began
November 4, 2008, but was continued until December 12, 2008. 

 On December 12, 2008, prior to the presentation of the Department's evidence, the
trial court denied appellant's section 263.401 motion to dismiss. The trial court signed an
order terminating appellant's parental rights as to J.G. on December 16, 2008.

 Appellant filed her sworn statement of indigency, timely motion for new trial, and
statement of intended points on appeal. In her statement of points on appeal, appellant
included her assertion that the trial court erred by denying her motion to dismiss pursuant to
section 263.401 of the Texas Family Code. After a hearing, the trial court found appellant
was indigent, denied her motion for new trial, and found that the appeal was frivolous under
section 13.003(b), finding no merit to her statement of points on appeal.

 Appellant argues that under the applicable version of section 263.401, the trial court
erred in denying her motion to dismiss. The statute was amended effective June 15, 2007. 
Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 2, 2007 Tex. Gen. Laws 1837, 1838. A suit
affecting the parent-child relationship filed before that date, "is governed by the law in effect
at the time the suit was filed, and the former law is continued in effect for that purpose." Act
of May 27, 2007, 80th Leg., R.S., ch. 866, § 6, 2007 Tex. Gen. Laws 1838. The version of
section 263.401 that appellant argues, and the State concedes, is applicable to this case
provides in relevant part:

 (a) Unless the court has rendered a final order or granted an
extension under Subsection (b), on the first Monday after the
first anniversary of the date the court rendered a temporary order
appointing the department as temporary managing conservator,
the court shall dismiss the suit affecting the parent-child
relationship filed by the department that requests termination of
the parent-child relationship or requests that the department be
named conservator of the child.


 (b) The court may not retain the suit on the court's docket after
the time described by Subsection (a) unless the court finds that
extraordinary circumstances necessitate the child remaining in
the temporary managing conservatorship of the department and
that continuing the appointment of the department as temporary
managing conservator is in the best interest of the child. If the
court makes those findings, the court may retain the suit on the
court's docket for a period not to exceed 180 days after the time
described by Subsection (a). . . . 


 (c) If the court grants an extension but does not render a final
order or dismiss the suit on or before the required date for
dismissal under Subsection (b), the court shall dismiss the suit. 
The court may not grant an additional extension that extends the
suit beyond the required date for dismissal under Subsection (b). 


Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2113,
amended by Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex. Gen. Laws 2395,
2396, amended by Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.40, 2005 Tex. Gen.
Laws 621, 636 (amended 2007) (current version at Tex. Fam. Code Ann. § 263.401 (Vernon
2008)). Under the applicable version of section 263.402(b), a motion to dismiss is timely "if
the motion is made before the department has introduced all of the department's evidence,
other than rebuttal evidence, at the trial on the merits." Act of May 22, 2001, 77th Leg., R.S.,
ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2396-2397 (amended 2007) (current version at
Tex. Fam. Code Ann. § 263.402(b) (Vernon 2008)). 

 Less than a year after the trial court appointed the Department as J.G.'s managing
conservator in a temporary order, the trial court extended the dismissal date to November 14,
2008, pursuant to section 263.401(b). See Act of May 29, 2005, 79th Leg., R.S., ch. 268, §
1.40, 2005 Tex. Gen. Laws 621, 636 (amended 2007) (current version at Tex. Fam. Code
Ann. § 263.401(b) (Vernon 2008)). The trial court's initial termination order was signed
July 15, 2008. However, the trial court's granting of a new trial on September 5, 2008, had
the "'legal effect of vacating the original judgment and returning the case to the trial docket
as though there had been no previous trial or hearing.'" In re Walker, 265 S.W.3d 545, 550
(Tex. App.--Houston [1st Dist.] 2008, orig. proceeding) (quoting Markowitz v. Markowitz,
118 S.W.3d 82, 88 (Tex. App.--Houston [14th Dist.] 2003, pet. denied)). Appellant's motion
to dismiss was filed prior to the presentation of all of the Department's evidence and was
therefore timely. See Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen.
Laws 2395, 2396-98 (amended 2007) (current version at Tex. Fam. Code Ann. 263.402(b)
(Vernon 2008)); In re Dep't of Family & Protective Servs., 273 S.W.3d 637, 643-44 (Tex.
2009) (Though parent filed motion to dismiss after one-year dismissal date had passed as
well as 180-day period for trial court to retain the suit on its docket, parent's motion to
dismiss filed prior to former section 263.402(b)'s deadline was timely.). Section 263.401's
time restraints are mandatory. In the Interest of L.S.C., 169 S.W.3d 758, 762 (Tex. App.--Dallas 2005, no pet.); In the Interest of D.D.M., 116 S.W.3d 224, 231 (Tex. App.--Tyler
2003, no pet.); In the Interest of T.M., 33 S.W.3d 341, 346 (Tex. App--Amarillo 2000, no
pet.). The Department concedes error. We sustain appellant's issue. We reverse the trial
court's order and remand the case to the trial court for further proceedings consistent with
this opinion. 

 REVERSED AND REMANDED. _________________________________

 DAVID GAULTNEY

 Justice 

 

Submitted on June 24, 2009

Opinion Delivered July 16, 2009 


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. In an amended petition, the Department later added J.G. as a child subject to the suit.