**Petition for Writs of Mandamus and Prohibition Denied; Memorandum Opinion filed January 8, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-12-01111-CV
NO. 14-12-01112-CV

**IN RE K. D. P. S., Relator**

ORIGINAL PROCEEDING
WRITS OF MANDAMUS AND PROHIBITION
On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2009-01569

## MEMORANDUM OPINION

Relator, K. D. P. S., filed a petition in this court seeking the issuance of writs of mandamus and prohibition. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator first asks this court to compel the Honorable David Farr, presiding judge of the 312th District Court of Harris County to set aside his Permanency Hearing Order signed December 6, 2012. In the order, the court placed the children who are the subject of the underlying suit with their father, who resides in Arizona, "during the Winter Break."

In the underlying case, the father filed a suit affecting the parent-child relationship seeking a modification of conservatorship over his two children. The Texas Department of Family and Protective Services (the Department) intervened in the case, and the Department was appointed temporary managing conservator of the children while investigating allegations of neglectful supervision by relator, the children's mother. The trial court conducted an adversary hearing over several days in May of 2012. *See* Tex. Fam. Code § 262.201 (requiring a full adversary hearing no later than the 14th day after the child has been taken into the Department's care). The trial court's order appointing the Department temporary managing conservator was signed June 25, 2012, but according to relator, the Department was actually appointed temporary managing conservator on May 25, 2012.[1]

The record reflects that the Department asserted in its Permanency Plan that it was appointed temporary managing conservator on May 25, 2012, and the trial court's docket entry also reflects the May 25, 2012 appointment. The Texas Supreme Court has determined that the date the Department obtained temporary conservatorship is the operative date. *See In re Tx. Dep't Fam. & Prot. Servs.,* 210 S.W.3d 609, 612 (Tex. 2006) (holding that the time period for conducting statutory hearings began when the Department obtained custody by *ex parte* order before the adversary hearing required to be held within fourteen days). The 180th day after the Department obtained custody was November 21, 2012.[2] Therefore, relator asserts that the trial court's December 6, 2012, order was signed after the 180-day

---

[1] Relator filed an emergency motion to stay the June 25, 2012, order, and the December 6, 2012, order placing the children with their father during the Winter Break. *See* Tex. R. App. P. 52.10. We denied the motion for temporary relief.

[2] The permanency hearing had been scheduled on November 15, 2012, within the 180-day deadline. The hearing was postponed, apparently because relator had not received a copy of the permanency plan ten days before the hearing, as required by Section 263.3025 of the Texas Family Code.

2

statutory deadline. *See* Tex. Fam. Code § 263.304(a) ("[n]ot later than the 180th day after the court renders a temporary order appointing the department as temporary managing conservator of a child, the court shall hold a permanency hearing to review the status of, and permanency plan for, the child . . . .").

Relator asserts that because the trial court failed to conduct a mandatory permanency hearing by the statutory deadline, it lacked jurisdiction to enter the December 6, 2012, order. Relator also asserts that the trial court abused its discretion in denying her motion to dismiss the Department's intervention based on the untimely permanency hearing. In addition to setting aside the December 6, 2012, order, relator asks that we direct the respondent to set aside its order denying her motion to dismiss the Department's intervention, the order appointing the Department temporary managing conservator, and all orders related to the Department's intervention in the underlying suit and its conservatorship of the children. Relator also seeks a writ of prohibition to prevent any further action by the trial court in response to a request from the Department.

As authority that the Department's intervention should be dismissed, relator cites *In re L.S.C.,* 169 S.W.3d 758 (Tex. App.—Dallas 2005, no pet.). In *L.S.C.,* the Dallas Court of Appeals held that the trial court erred in failing to grant the appellant-father's motion to dismiss the Department from his divorce suit for failure to render a final order within the statutory deadline, or the extended deadline, even though no extension order was signed. *Id.* at 763. The court found that appellant was harmed by the error, and declined to address any harm from the failure to conduct a timely permanency hearing. *Id.* at 764. Accordingly, *L.S.C.* does not support relator's position that dismissal was required in this case.

Section 263.304 of the Texas Family Code, which requires a permanency hearing to be held before the 180th day after the Department has been appointed

temporary managing conservator, does not contain a remedy for the failure to conduct the hearing in a timely manner. *See In re E.D.L.,* 105 S.W.3d 679, 686-88 (Tex. App.—Fort Worth 2003, pet. denied) (holding that because a similar provision requiring an adversary hearing within the time set out in section 262.201 does not contain a remedy, dismissal is not required). Instead, the statute provides that any party or attorney ad litem may seek a writ of mandamus to compel the court to comply with the duties imposed by the subsection.[3] Tex. Fam. Code Ann. § 263.304(b).

In contrast, Section 263.401 of the Texas Family Code provides a one-year deadline after the Department has been appointed temporary managing conservator for a trial on the merits to commence and the statute requires dismissal for non-compliance. *See* Tex. Fam. Code § 263.401. Upon findings of extraordinary circumstances and the best interest of the child, the court may retain the case for a maximum of 180 additional days. Tex. Fam. Code § 263.401(b). The court may not grant an additional extension and if the trial is not commenced by the extended dismissal date, the court "shall dismiss the suit." *Id.* at (c).

The Texas Supreme Court has determined that the dismissal dates governing termination and child protection proceedings where the Department has temporary custody are not jurisdictional. *See In re Dept. of Fam. and Prot. Servs.*, 273 S.W.3d 637, 642 (Tex. 2009). Thus, the trial court retains jurisdiction over the suit after the time limits set out in the statute have passed. *Id.* Similarly, even when the permanency hearing is not held within the 180 days set out in section 263.304 of the Family Code, the trial court is not divested of jurisdiction. *See Garcia v. Tex.*

---

[3] Relator asserts that she has no ability to seek mandamus relief against the Department to compel it to comply with its statutory duty. The trial court has the ability to require the Department's compliance, however. Our record does not reflect that relator asked the trial court to compel the Department's compliance.

*Dep't of Human Servs.,* 721 S.W.2d 528 (Tex. App.—Corpus Christi 1986, no writ). In a slightly different context, the Fort Worth Court of Appeals held that although Family Code section 262.201(a) requires a trial court to conduct a full adversary hearing within fourteen days of the date a governmental entity takes possession of a child, the requirement is procedural, not jurisdictional. *In re T.T.F.,* 331 S.W.3d 461, 479-80 (Tex. App.—Fort Worth 2010, no pet.). The parent could have sought to enforce her procedural right to a timely status hearing, a timely initial permanency hearing, and timely subsequent permanency hearings by mandamus. *Id.* Instead of seeking mandamus to require a timely hearing, in this case, relator seeks mandamus to require dismissal of the Department's intervention.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136.

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Relator has not established that the trial court abused its discretion. Dismissal of the Department's intervention was not required, and the trial court

retains jurisdiction over the intervention. Therefore, we conclude that relator is not entitled to mandamus relief.

A writ of prohibition operates like an injunction to control or prevent action in a lower court. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex. 1989). The writ is typically used to protect the subject matter of a pending appeal or to protect an appellate court's jurisdiction. *Id.* at 683. A writ of prohibition has three functions: (1) preventing interference with higher courts in deciding a pending appeal; (2) preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Tex. Capital Bank-Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex. App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex. App.—Corpus Christi 1991, orig. proceeding).

First, a writ of prohibition is not necessary to protect this court's jurisdiction. A related appeal is pending before this court, but the trial court's actions related to the Department do not threaten our jurisdiction over the related case. Relator's counterclaims against the Department were dismissed, and relator's appeal of the dismissal is pending under our appellate case number 14-12-00673-CV. The counterclaims were severed from the child custody and protection action, however. Therefore, the trial court's actions related to child custody and protection do not affect our jurisdiction over relator's pending appeal.

Secondly, as discussed above, we have concluded that any delay in conducting the permanency hearing has not deprived the trial court of jurisdiction over the Department's intervention. *See In re Dept. of Fam. and Prot. Servs.,* 273 S.W.3d at 642. Finally, no allegation has been made in this proceeding that the trial

court is attempting to relitigate settled issues. Therefore, there is no basis for issuance of a writ of prohibition.

We deny relator's petition for writs of mandamus and prohibition.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.